UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSEPH MICHAEL HEBERT | CIVIL ACTION NO. 08-cv-1936 |
| VERSUS | JUDGE HICKS |
| HYSTER CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Joseph Hebert ("Plaintiff") was working as an employee of Libbey Glass when he was injured in a lift-truck accident. Plaintiff's leg was amputated below the knee, and his medical bills have exceeded $90,000. Plaintiff filed suit in state court, and the case was removed. Before the court is Plaintiff's Motion to Dismiss Without Prejudice (Doc. 21), by which he proposes to dismiss this case and pursue his personal injury claims via a petition in intervention that he has filed in his employer's state-court workers compensation recovery suit against the same defendants. It is recommended that the motion to dismiss be granted.

**Procedural History**

Plaintiff filed suit in state court against Hyster Company (the alleged manufacturer of the lift-truck) and Deep South Equipment Company (the alleged seller of the lift-truck to Libbey Glass). He alleged in his state court petition that the accident was caused by a defectively designed emergency braking system. Plaintiff alleged that Deep South had

performed maintenance on the lift-truck before the accident and was negligent for failing to improperly inspect, maintain and/or repair the braking problem.

At about the same time Plaintiff filed his state court personal injury action, Libbey Glass filed a separate petition against Hyster and Deep South to seek reimbursement of the worker's compensation benefits it had paid in connection with the accident.

NACCO Materials Handling Group, Inc., successor in interest to Hyster, removed Plaintiff's suit based on an assertion of diversity jurisdiction. NACCO did not remove the suit filed by Libbey Glass.

NACCO removed Plaintiff's suit based on an assertion of diversity jurisdiction even though Plaintiff and Deep South share Louisiana citizenship. NACCO asserts that the court may ignore Deep South's citizenship under the improper joinder doctrine because Deep South was the mere seller of the lift-truck. As for the allegations regarding maintenance, NACCO alleges that Deep South may have serviced the "joy stick control" on the lift-truck in 2004, but it never performed any work on the foot-pedal emergency stopping device that Plaintiff alleges was defective. Thus, NACCO concludes, there is no possibility that Plaintiff could recover against Deep South in this action.

The case was removed in December 2008, and NACCO filed an answer in January 2009. Plaintiff's counsel soon moved to withdraw. That request was granted, and new counsel enrolled in March 2009. The court then permitted Plaintiff 30 days to explore the

issue of diversity jurisdiction and file a motion to remand if Plaintiff wished to contest the allegation of improper joinder. Doc. 20.

Plaintiff responded by filing a Motion to Dismiss Without Prejudice (Doc. 21). Plaintiff reported that he had recently filed a petition to intervene as a co-plaintiff in the state court suit filed by Libbey Glass. He asks this court to dismiss this case without prejudice, so that Plaintiff and the other concerned parties may resolve their various claims in one civil action in state court.

Plaintiff simultaneously filed a Motion to Remand (Doc. 22) by which he challenged the improper joinder assertion. NACCO requested, and the court granted, an extension of 15 days after a decision on the Motion to Dismiss within which to file a memorandum in opposition to the Motion to Remand. See Doc. 25. Accordingly, only Plaintiff's Motion to Dismiss Without Prejudice is ripe for decision.

**Analysis**

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff, subject to certain exceptions, to dismiss an action "without a court order" by merely filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing a stipulation of dismissal signed by all parties who have appeared. NACCO has filed an answer, and it did not sign a stipulation of dismissal, so Rule 41(a)(1) is not available to Plaintiff. That forces Plaintiff to look to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." Unless the order states otherwise, a dismissal under the provision is without prejudice.

Most defendants are delighted when a plaintiff asks that all claims against a defendant be dismissed, but NACCO insists that Plaintiff be required to continue suing NACCO in federal court.  NACCO urges that the federal court should also enjoin Plaintiff from further proceedings with respect to the petition in intervention that Plaintiff filed in Libbey Glass's state court suit.  NACCO argues that Plaintiff is obviously attempting to evade federal jurisdiction and frustrate the purposes of the removal statute.

A defendant's interests are relevant to a Rule 41(a)(2) request, but "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).  That legal harm or legal prejudice must be more than the mere prospect of a second lawsuit. Davis v. Huskipower, 936 F.2d 193, 199 (5th Cir. 1991).  And it is not a bar to dismissal that the plaintiff may obtain some tactical advantage.  Manshack v. SWEPCO, 915 F.2d 172, 174 (5th Cir. 1990). See also Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002)("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.")

It does not appear the Fifth Circuit has adopted any rigorous formula for the court to consider in exercising its broad discretion in this area, but the Court in Elbaor cited some factors that other circuits have considered relevant.  They are: (1) the defendants' effort and

the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiffs in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendants. Elbaor, 279 F.3d at 317, n. 2.

This case is relatively new. NACCO has not filed a motion for summary judgment or engaged in any significant federal court litigation. There has yet to be so much as a scheduling conference. Plaintiff made his request to dismiss relatively promptly, and Plaintiff's explanation is that he desires all claims relating to the accident to be resolved in one forum.

It is plain from the record that Plaintiff wants to be in state court, and NACCO has at least an equal desire to be in federal court. Plaintiff cites the benefits of having all claims presented in one forum, but Plaintiff will not be inconvenienced one bit if Libbey Glass and NACCO are waging a battle in state court while Plaintiff continues this federal action. It is NACCO who would benefit from the dismissal of this case so that it would be involved in only one suit arising from the accident. NACCO, however, states in its memorandum that it "understands this and is prepared to proceed in these two separate venues in order to secure its choice of federal jurisdiction."

NACCO does not claim legal prejudice but urges that Plaintiff should not be allowed to dismiss this case because it amounts to forum shopping. NACCO cites cases in which courts have denied motions to dismiss based on forum shopping concerns. See Hardy v.

Parktowne Apartments, LP, 2008 WL 4372735 (S.D. Miss. 2008) (Wingate, C.J.)(plaintiff in removed case tried every possibility to get out of federal court, including a request to dismiss so he could file a new suit in state court and add a nondiverse defendant, but there was no good faith basis for such a claim) and Weathersby v General Motors, Corp., 2006 WL 2865058 (N.D. Miss. 2006) (Pepper, J.) (plaintiff in removed case, well aware of identity of a potential nondiverse defendant, did not name her in state court suit but post-removal attempted to add her as a defendant and, when denied leave, moved to dismiss the suit to refile in state court) .

Other courts have granted a motion to dismiss despite pleas of forum shopping. See, e.g., Templeton v. Nedlloyd Lines, 901 F.2d 1273 (5th Cir. 1990) (affirming voluntary dismissal of removed case when plaintiff planned to file new state court suit that named nondiverse defendants)[1]; Scruggs v. Central Petroleum, Inc., 2005 WL 2095779 (W.D. La. 2005) (James, J.) (voluntary dismissal of removed case allowed so plaintiff could pursue claims in state court concursus proceeding); and Glascock v. Prime Care Seven, L.L.C., 2008 WL 2600149 (W.D. Tex. 2008) (Biery, J.) (collecting cases, and noting that "District Courts in this Circuit have also long held that assertions of forum shopping alone are insufficient to establish clear legal prejudice"); Brown v. Schlumberger Technology Corp., 2002 WL

---

[1] The Fifth Circuit noted, pertinent to this case: "The fact that Nedlloyd faces the prospect of a trial in state court is also insufficient to demonstrate legal prejudice. ... While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion." Templeton, 901 F.2d at 1276.

550986 (E.D. La. 2002) (Vance, J.) (in the absence of evidence of legal prejudice, allegations of forum shopping were insufficient grounds on which to deny plaintiff's motion to dismiss); and Romero v. Universal Ogden Services, 1997 WL 639011 (E.D. La.1997) (Clement, J.) (granting motion to dismiss despite forum shopping argument).

After a consideration of the relevant factors and the applicable jurisprudence, the court finds that Plaintiff should be allowed to dismiss this action without prejudice. NACCO has not articulated any legal prejudice, such as the loss of a defense or the benefit of a federal court ruling, that would stem from dismissal of this federal case. NACCO will avoid the additional expense of litigating in two courts at once and will avoid the possibility of inconsistent verdicts or rulings in the two substantively identical cases. Plaintiff's desire to be in state court was likely a motivating factor behind his motion to dismiss, but he also stands to gain the practical benefits of avoiding the expense of litigating the improper joinder issue and being able to join forces in state court with his employer (who has the same interest as Plaintiff with respect to establishing liability and damages). Aside from the interest of the parties, the federal-state judicial system is best served by the economies of having all claims arising from the accident resolved in one forum. One judge, one jury, and one appellate court - rather than two of each - are all that will be required to render a final decision with respect to the accident-related claims if Plaintiff's motion is granted. It makes little sense to have the state and federal courts proceeding simultaneously with essentially identical cases filed by

two plaintiffs. The best exercise of this court's discretion in these circumstances is to grant Plaintiff's request to dismiss this case without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Without Prejudice (Doc. 21)** be **granted** and that Plaintiff's complaint in this civil action be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 22)** be **denied as moot**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE