UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

JOSEPH MICHAEL HYBERT               CIVIL ACTION NO. 08-1936

VERSUS                              JUDGE S. MAURICE HICKS, JR.

HYSTER CO., ET AL.                  MAGISTRATE JUDGE HORNSBY

---

## JUDGMENT

In November 2009, plaintiff Joseph Michael Hybert filed suit in state court against Hyster Company and Deep South Equipment Company alleging he suffered significant injuries, which ultimately led to amputation of his leg below the knee, as a result of a defectively designed emergency braking system. [Record Document 1]. At or around the same time, Plaintiff's employer, Libbey Glass, filed a separate petition in state court against Hyster and Deep South seeking reimbursement of the worker's compensation benefits that were paid to Plaintiff. NACCO Materials Handling Group, Inc., Hyster's successor-in-interest, removed Plaintiff's suit based on an assertion of diversity jurisdiction.[1] Id. NACCO did not remove the suit filed by Libbey Glass.

Soon after NACCO removed Plaintiff's suit, Plaintiff's counsel moved to withdraw. [Record Document 11]. That request was granted, and new counsel enrolled in March 2009. [Record Documents 12, 19]. The Court then permitted Plaintiff thirty (30) days to explore the issue of diversity jurisdiction and file a motion to remand if Plaintiff wished to

---

[1] NACCO asserts that the Court may ignore Deep South's citizenship under the improper joinder doctrine because it did not "service or otherwise perform and work on any part of the lift truck, which is alleged to be defective." See Record Document 9, ¶ 18.

contest the allegation of improper joinder. [Record Document 20]. Plaintiff responded by simultaneously filing a Motion to Dismiss Without Prejudice [Record Document 21] and a Motion to Remand [Record Document 22]. Concerning the Motion to Dismiss, Plaintiff informed the Court that he recently filed a petition to intervene as a co-plaintiff in the state court suit filed by Libbey Glass. He requests that the Court dismiss this case without prejudice so that Plaintiff and the other parties concerned may resolve their various claims in one civil action.

On July 29, 2009, recognizing NACCO failed to articulate any legal prejudice that would stem from dismissal, the Magistrate Judge recommended Plaintiff be allowed to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[2] See Record Document 27. NACCO objects to the Magistrate Judge's Report and Recommendation. NACCO contends the dismissal subverts the purpose of the removal statute, 28 U.S.C. § 1446(e), and "would make a joke" of Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir. 1975). The Court disagrees.

In Frith, the Fifth Circuit held that the anti-injunction statute, 28 U.S.C. § 2283, does not prohibit federal courts from enjoining or staying state court proceedings "where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute." Id. (citing Brown v. Seaboard Coast Line R.R., 309 F.Supp. 48 (N.D.Ga. 1969). Unlike the plaintiff in Frith, Hybert merely filed a petition to intervene in the state court action that had been filed previously filed by Libbey Glass and

---

[2]Motions to dismiss filed pursuant to Rule 41(a)(2) "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

did not attempt to initiate a separate, independent lawsuit on his own accord. Furthermore, this action was taken only after new counsel for Plaintiff enrolled and was given an opportunity to review the procedural matters already at issue. There is no evidence, however, nor does the Court believe, that Plaintiff's attempt to intervene in the previously filed state lawsuit was "an attempt to subvert the purposes of the removal statute." Rather, as the Magistrate Judge recognized, while Plaintiff's desire to be in state court may have been a motivating factor behind his motion to dismiss, "he also stands to gain the practical benefits of avoiding the expense of litigating the improper joinder issue and being able to join forces in state court with his employer (who has the same interest as Plaintiff with respect to establishing liability and damages)." [Record Document 27, p.7].

Accordingly, for the reasons assigned the Report and Recommendation of the Magistrate Judge, as well as the reasons assigned herein,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice [Record Document 21] be and is hereby **GRANTED** and that Plaintiff's complaint be and is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [Record Document 22] be and is hereby **DENIED as moot.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 15th day of December, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE